USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

BREEANA GEORGE,

                        Plaintiff,          **DOCKET No. 20-CV-9732-AT**

vs.                                           **STIPULATION AND PROPOSED**
                                                **PROTECTIVE ORDER**

RIVERSIDE PARK CONSERVANCY,

                        Defendant.

------------------------------------------------------------x

     WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

     ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information the disclosure of which would result in harm to that party. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action. Nothing in this Order will restrict the rights of any Party with respect to its own documents or information produced in this action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts assisting in the prosecution or defense of the matter (including outside vendors and service providers) and stenographers, to the extent deemed necessary by counsel;
   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);
   e. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;
   f. Any prospective or actual witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action; and
   g. Any witness, during his or her deposition or testimony at a hearing.

5. Prior to disclosing or displaying the Confidential Information to any person described in paragraphs 4(c), 4(f), and (g), counsel must:

   a. Inform the person of the confidential nature of the information or documents;
   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
   c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order. Any documents designated prior to this Order will be redesignated to be in compliance with this Order within seven (7) days of the so-order date. Any redesignated documents will be replaced with the same document and the same bates number identifier but marked on its face with the proper designation.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner.  The producing party may specify the minimal level of protection expected in the storage and transfer of its information.  In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or

constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. Prior to the filing of Confidential Information, the parties shall meet and confer with respect to filing Confidential Information under seal and/or redacting any Confidential Information, and if the parties are unable to reach an agreement, the information will be filed under seal pending a ruling by the Court on the motion for leave to file under seal by the party seeking such leave. The parties shall follow Section IV.A of Judge Torres's Individual Rules and Practices with respect to redactions and filing under seal.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the parties from using Confidential Information to locate or contact witnesses or from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

12. This Order will survive termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Information is produced or disclosed.

SO STIPULATED AND AGREED.

Dated: July 19, 2021
New York, NY

| STOLL, GLICKMAN & BELLINA, LLP | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
|---|---|
| By: /s/ Rita A. Sethi | By: /s/ Andrew J. Ehrlich |
| Rita A. Sethi<br>Andrew B. Stoll<br>300 Cadman Plaza West, 12th Floor<br>Brooklyn, NY 11201<br>Tel: (718) 852-3710<br>rsethi@stollglickman.com<br><br>*Attorneys for Plaintiff* | Andrew J. Ehrlich<br>David P. Friedman<br>Kerissa N. Barron<br>1285 Avenue of the Americas<br>New York, NY 10019<br>Tel: (212) 373-3000<br>Fax: (212) 757-3900<br>aehrlich@paulweiss.com<br>dfriedman@paulweiss.com<br>kbarron@paulweiss.com<br><br>*Attorneys for Defendant* |

SO ORDERED.

Dated: July 20, 2021
New York, New York

ANALISA TORRES
United States District Judge

**Agreement**

    I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

    I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation. At the conclusion of the litigation I will return all such documents or information to the party or attorney from whom I received it.

DATED:

_____

Signed in the presence of:

_____

(Attorney)